[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14450
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00008-TWT-LTW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM WALKER,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 2, 2019)

Before WILLIAM PRYOR, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

William Walker appeals the district court's revocation of his supervised release and sentence upon revocation. Walker argues that the government failed to prove by a preponderance of the evidence that he violated the terms of his supervised release by possessing with intent to distribute marijuana. He also argues that the 24-month, below guidelines sentence the district court imposed upon revocation of supervised release was substantively unreasonable. After careful review, we affirm.

## I.    BACKGROUND

Walker completed a term of incarceration in 2018 and began a five year term of supervised release. As a condition of Walker's supervised release, he was to refrain from committing another federal, state, or local crime. After Walker was arrested for possession of marijuana with intent to distribute, the probation office petitioned to revoke his supervised release. The probation office's violation report listed four violations: (1) committing a possession with intent to distribute offense; (2) failing to truthfully answer all inquiries from the probation officer regarding the offense; (3) using a controlled substance; and (4) failing to report for drug screens.

Walker admitted to the third and fourth violations but denied that he committed the first. He also denied committing the second violation, but he does not challenge that violation on appeal. Due to Walker's denial of the first violation, the government offered testimony from Atlanta Police Department

2

Officer Walter Clark about the circumstances of Walker's arrest. Clark, as part of a team consisting of plain clothes and uniformed officers, was working in a high-crime area known for illegal narcotics transactions. One of the team's plain clothes officers, Officer Travis, observed Walker walk to the base of a tree with high grass surrounding it, grab something from within the grass, and then make a hand-to-hand transaction with another man whom Clark identified as Pope. Travis suspected that the transaction involved illegal narcotics. The officers waited for Pope to walk away from the transaction and then stopped him; Pope voluntarily supplied officers with the marijuana he had just purchased. The marijuana was in a small green plastic baggie.

Pope identified the seller of the marijuana by his clothing, including his white shirt and camouflage shorts, and that description, according to Clark, matched Walker's clothing and "distinguished [him] from everybody else out there." Doc. 57 at 9.[1] Clark then detained Walker, who was carrying $117 in cash in small denominations—a fact that was indicative, in Clark's experience, with drug sales. The officers then went to the tree near where Walker had been standing and found a plastic bag containing 17 smaller baggies of marijuana. The baggies looked the same as the one Pope handed over to police. Clark arrested Walker. In addition to Clark's testimony, the government introduced three low-quality

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

photographs Travis took, one of which Clark testified depicted the tree area where Walker stashed the marijuana baggies, and two of which he testified depicted Walker and Pope engaging in the transaction.

Based on this evidence, the district court found that Walker had violated the terms of his supervised release by committing the offense of possession of marijuana with intent to distribute. Based on the four violations, Walker's criminal history category of VI, and a statutory maximum sentence of 60 months' imprisonment, Walker's guidelines range was 51 to 60 months. The probation office suggested a sentence of 60 months, and the government recommended a sentence of 30 months. In support of its recommendation, the government cited Walker's significant criminal history, that he had been on supervised release for less than six months when he was arrested, and that the circumstances of his arrest—specifically, that police found 17 baggies of marijuana—suggested that the transaction with Pope was not a one-time drug deal. Walker requested reinstatement of supervised release without a term of imprisonment. In support, he argued that he had been working full time, was integrated into a family (living with his sister and planning to get married), had tested negative on the drug screening after his missed screenings, had only failed a drug test because he took a pain pill for a chronic injury, and had possessed only a small amount of marijuana on the day of his arrest.

4

The district court imposed a sentence of 24 months' imprisonment—a downward variance of 27 months—with no subsequent supervised release. The court noted Walker's extensive criminal history and explained that the crime for which he had been serving a term of supervised release was serious—it involved an argument over selling drugs that resulted in Walker shooting a man and fleeing the scene. The court also emphasized that Walker's arrest came less than six months after his release from serving time for that prior serious offense, showing that he failed to become "an honest, law-abiding member of society." Doc. 58 at 17-18. Walker objected to the district court's finding that he had committed the possession with intent to distribute offense and to the reasonableness of the sentence the court imposed.

This is Walker's appeal.

## II.    STANDARDS OF REVIEW

A district court may revoke a defendant's supervised release and sentence the defendant to serve all or part of the supervised release term in prison if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). We review the district court's revocation decision for an abuse of discretion. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). We are bound by the district

court's findings of fact unless they are clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

Upon revocation of supervised release, a district court must impose a sentence that is substantively reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007).

Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the applicable guideline range, the pertinent policy statements of the Sentencing Commission; the need to avoid

unwarranted sentencing disparities; and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189 (internal quotation marks omitted). Ordinarily we expect (but do not automatically presume) a within-guidelines sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

### III.   DISCUSSION

On appeal, Walker argues that the district court erred in finding by a preponderance of the evidence that he possessed marijuana with intent to distribute

it.  He also argues that the 24-month sentence the district court imposed was substantively unreasonable.  For the reasons that follow, we reject both arguments.

**A. The district court's finding that Walker possessed marijuana with intent to distribute it was not clearly erroneous.**

Walker asserts that Clark's testimony was insufficient to establish by a preponderance of the evidence that he committed the offense of possession with intent to distribute marijuana.  Specifically, Walker cites Clark's reliance on Travis's description of the suspect as wearing a white shirt and camouflage shorts "in an area that was well populated"; argues that there was no evidence "connecting . . . Walker to the plastic bag that contained several small bags of marijuana"; represents that Clark "provided no testimony to link [the] money [found on Walker's person] to the drug transaction Officer Travis observed"; and criticizes the government's photographs as insufficiently clear to show that the person in the photographs was Walker or that the two men in the photos engaged in a hand-to-hand transaction.  Appellant's Br. at 13.

We discern no clear error in the district court's finding that Walker possessed marijuana with intent to distribute it.  Even if the area in which Clark apprehended Walker was well populated, Clark testified that Walker's clothing "distinguished [him] from everybody else out there."  Doc. 57 at 9.  So by Clark's testimony, Walker was the only person who matched the descriptions Pope and Travis gave.  Further, there is evidence connecting Walker to the plastic bag that

8

contained the smaller baggies of marijuana: Clark testified that Travis observed Walker pick something up from the grass near a tree, and after Clark arrested Walker officers found the plastic bag next to that same tree. There is also evidence connecting the money Walker was carrying to the drug transaction Travis observed: Clark testified that the cash was in small denominations which, in his experience, denoted drug sales. Finally, although the photographs the government admitted into evidence were of low quality, they support Travis and Pope's description of the suspect and Clark's testimony about Walker's actions and surroundings.

Walker's arguments amount to an assertion that he fell victim to mistaken identity, but he has failed to demonstrate that the district court's rejection of that theory and finding that Walker was the person possessing with intent to distribute marijuana was clearly erroneous. We therefore conclude that the district court was within its discretion to revoke Walker's supervised release based on the violation.

**B. The 24-month, below guidelines sentence, was substantively reasonable.**

Walker next argues that the sentence the district court imposed was substantively unreasonable, citing in mitigation evidence that he was willing to be a law-abiding citizen (his full-time employment and the fact that he remained on and complied with the terms of bond while his revocation petition was pending); his work history despite his chronic pain; his committed relationship with a partner

9

whom he planned to marry; and the fact that he had just completed a lengthy prison sentence.[2]  But the record makes clear that the district court entertained argument on Walker's personal mitigating circumstances, and there is no indication that the district court failed to consider these circumstances.  Walker's challenge at bottom is to the greater weight the court assigned to his criminal conduct, including his criminal history and the possession with intent to distribute marijuana offense.  We cannot say that the district court balanced Walker's criminal conduct and his personal mitigating circumstances unreasonably, especially in light of the sentence it imposed—a significant downward variance from the applicable guidelines range.  *See Irey*, 612 F.3d at 1189-90; *see also Hunt*, 526 F.3d at 746.  Thus, we reject Walker's challenge to the 24-month sentence the district court imposed.

## IV.    CONCLUSION

Having concluded that each of Walker's challenges is without merit, we affirm the district court's revocation of supervised release and the sentence the court imposed.

**AFFIRMED.**

---

[2] Walker also argues that his sentence was unreasonable because it should not have been based on the offense of possession with intent to distribute marijuana.  Since we have rejected Walker's claim that the district court erred in adjudicating him in violation of the terms of his supervised release based on that offense, we focus here on his argument that his sentence was substantively unreasonable even if it properly accounted for all four violations.